JOHN T. HOLMAN AND OTHERS v. JOSEPH E. CRISWELL.

In a suit on a bond for title, for specific performance, an averment that the obligee failed and refused and still fails and refuses to perform the stipulations and conditions of the bond, is a sufficient averment of breach.

The rules of pleading as found in Chitty, and other elementary treatises, and as recognized in the decisions of Law Courts, have no conclusive authority in our system of procedure. Any allegations which would show with reasonable certainty the cause of action or ground of defence, will be sufficient, without reference to conformity with or departure from the rules of pleading as recognized at Common Law.

Where the vendee has paid the purchase money in full, the vendor holds the title as trustee for him, and limitation will not commence to run against an action for specific performance, until the vendor manifests an intention, by adverse possession or some hostile act, to claim and hold the land as his own; but it is not necessary, in order to cause the Statute to commence to run, that there should have been a demand and refusal of performance.

Holman v. Criswell.

Where the ancestor covenanted to make or cause to be made a good and *bona fide* title or deed, to the land agreed to be conveyed, it was held that a decree against the heir for a deed with warranty to the extent of the inheritance, was not erroneous.

Where the vendor covenanted to convey by bond dated December 30th, 1840, acknowledging the receipt of the purchase money, and suit for specific performance was commenced by an assignee of the bond, against the heirs of the obligor on the 23rd of August, 1852, and the defendants pleaded the Statute of Limitations of four years, and there was no allegation or proof of any act of the obligor or his heirs manifesting an intention to claim the land as their own, the plaintiff recovered.

Appeal from Fayette. This was a suit for specific performance, commenced August 23rd, 1852. The appellee, who was plaintiff below, alleged that J. B. Alexander, in his lifetime, on the 30th day of December, 1840, executed to one Horatio Griffith, his bond for title to two hundred and twenty acres of land ; that the said Horatio Griffith on or about the 18th February, 1847, assigned his interest in the said bond, and the land therein to be conveyed, to one Michael B. Griffith, who afterwards, in 1849, assigned said bond to petitioner. A copy of the bond and assignment was made a part of the petition.

The consideration of the bond was that : Whereas, Horatio Griffith purchased of Jerome B. Alexander two hundred and twenty acres for two hundred and twenty-five dollars, the receipt of which is acknowledged, the land to be selected out of either corner of a half league of land lying on the waters of Buckner's creek, belonging to the heirs of Benj. Green, being a part of said Green's headright, the said Jerome B. Alexander binds himself, his heirs, &c., to make the selection to the best advantage, as he would for himself, and have the same legally surveyed, and make or cause to be made a good and *bona fide* title or deed, embodying the field-notes therein, to the said Horatio Griffith, his heirs, &c., the said Griffith holding himself responsible to the said Alexander for the surveying and recording fees, &c. The petition further alleges that the only part of the Green league of land to which Alexander had any title was two hundred and twenty-five acres, which are set out

by metes and bounds; that Alexander departed this life in 1842; that his wife and son Jerome, a minor, are his only heirs, and that his wife subsequently intermarried with one John T. Holman, who, together with the wife and the said minor, are made parties defendant.

By an amended petition the plaintiff alleged that the said Jerome B. Alexander, departed this life, without having complied with, or in any manner performed the stipulatious or conditions of the aforesaid bond; and that the defendants have failed and refused, and still fail and refuse to comply with the stipulations and conditions of said bond, although often requested so to do.

The defendants filed a general demurrer, and plead the limitation of four years. There was judgment and decree for the plaintiffs, and the defendants prosecute this writ of error.

*W. G. Webb* and *J. T. Harcourt*, for appellants. I. The demurrer to the petition as amended ought to have been sustained. (1 Chit. Pl. 332.)

II. The plea of limitation of four years should have been sustained.

III. The decree for a warranty is erroneous. (3 Bibb, R. 52.)

*Hamilton & Chandler*, for appellee.

HEMPHILL, CH. J. This cause was at a previous Term before this Court, and for the error of overruling the demurrer to the petition, the judgment was reversed and the cause remanded. (13 Tex. 38.) On a second trial, judgment was again for the plaintiffs, and the cause is again brought up with an assignment of various errors, some of which are argued and some submitted to the Court without argument.

The first assignment charges error in overruling the demurrer to the petition. The objection to the original petition was no averment of breach of the conditions of the bond, and up-

on this ground, as will be seen by reference to our former decision, the demurrer was sustained. Subsequently the plaintiff amended, averring that the obligee had departed this life without having complied with the stipulations of the bond, and that the defendants have failed and refused and still fail and refuse to perform the conditions of the bond, &c.

The defendants again demurred, and their demurrer was overruled.

In support of the assignment, the counsel refer to a general rule to be found in Chitty's Pleading, Vol. 1st, p. 363, that though a breach may be assigned in the contract, it must not be too general, it must show the subject matter of complaint, and therefore a general averment that "the defendant did not perform the said agreement" is insufficient.

The rules of pleading as found in Chitty, and other elementary treatises, and as recognized in the decisions of Law Courts, have no conclusive authority in our system of procedure. Any allegations which would show with reasonable certainty the cause of action or ground of defence, will be sufficient, without reference to conformity with or departure from the rules of pleading as recognized at Common Law. In this case the plaintiff is not compelled to prove the breach, though we have held its averment essential to complete the cause of action. The reason for holding that the general averment of breach is insufficient is not very apparent. The allegation that the defendant has not complied with or in any manner performed the stipulations of the contract, can raise in the mind but one conclusion, viz : that the contract has been violated and its conditions have not been performed, and this conclusion could not be made more forcibly impressed upon the mind, were the breach averred in the words of the contract, viz : that the defendant did not make or cause to be made a good and *bona fide* title or deed, &c.

The averment is deemed a sufficient statement of the breach, and there was no error in overruling the demurrer.

The second, third, fourth and fifth assignments not being argued by either party, it is sufficient to say that no error is perceived in relation to the various rulings which are the subject of exception, under these assignments.

The sixth alleges error in the charge of the Court.

The portion of the charge to which objection is taken, under this assignment, is the instruction that no limitation would run against this bond till demand had been made by the holder of the bond of Alexander or his heirs, for a title to the land agreed to be conveyed, and a refusal by him or his heirs to make the conveyance.

The appellant insists that the plea of four years, which had been set up, should have been sustained as a bar to the remedy sought by the plaintiff.

At the inception of this contract, the vendee paid the purchase money. He discharged every obligation which was incumbent upon him by the conditions of the agreement, except the refunding to the vendor the charges for the surveying and recording fees. The obligation to pay these could not arise until they had been first paid by Alexander or his representatives. The vendee was consequently clothed with the equitable title, with no conditions or incumbrances attached, except the one arising on the contingency above mentioned. Under such circumstances, the land from the date of agreement was held by Alexander in trust for the vendee. The title of the latter was paramount to that of the former. The duties and acts to be performed to complete the sale were to be done by the vendor; the obligations of the vendee having been already discharged, limitation would not run against the vendee, until the vendor manifested an intention by adverse possession or some hostile act to claim and hold the land as his own. A demand of title and refusal would be one evidence of an intention to repudiate the contract. But it is not the only circumstance which would be evidence of such adverse claim as would give commencement to the running of limitation. The sale of

the land to a third person, for instance, would be an act of hostility to the rights of the vendee.

There is no evidence that the vendor or his representatives had even set up any adverse claim. The circumstances show in fact an acknowledgement of the rights of the vendee, by Alexander. The deed executed by him and recorded in the Clerk's office, was manifestly an attempt to execute a conveyance in accordance with the stipulations of the contract. That deed was defective and was not a sufficient compliance with the contract, but it was evidence of the honest purpose of the vendor, and his intentions to discharge his obligations. There is no proof of any subsequent act or conduct by Alexander or his representatives in repudiation of the agreement. This is a suit in effect, to perfect the deed originally executed by Alexander, although to maintain the action in the form in which it was brought, it was necessary to treat this attempted conveyance as no deed.

There was no actual possession by either party. The constructive possession of the vendor and his representatives was held in trust for the vendee and his assignees. The laches of the plaintiff, though long continued, should not, under the circumstances, deprive him of relief. At all events he cannot be denied relief under the pleadings, for these only set up the limitation of four years, and this limitation does not apply to suits for specific performance, especially where the conditions incumbent on the plaintiff had been performed in accordance with the stipulations, as they were in this case at the execution of the contract. The instruction that limitation would not commence until demand and refusal, is deemed erroneous, but the error cannot prejudice the defendants, the plaintiff, on the the issues and proof, being entitled to judgment.

The only remaining ground, necessary to be noticed, is, the alleged error in that portion of the decree, which requires the defendants to warrant the title to the extent of assets descended from the vendor. In this there is believed to be no error.

The contract was for a good *bona fide* title or deed. This implied a deed with warranty, binding not only the vendor but his representatives, to the extent of assets descended.

But, although the plaintiff has not been refused, under the issue and circumstances in this case, a decree for the relief, yet such laches as has been exhibited by him and those under whom he claims is not to be encouraged. He or his assignor might no doubt have procured his title before the death of Alexander, if he had exercised the diligence incumbent on every individual in relation to his own affairs; and he cannot deem it unreasonable if he should be subjected to a portion of the costs originating from his own delay as the primary cause.

It is ordered, adjudged and decreed, that the judgment of the Court below be affirmed, and that the appellee do pay the costs of this Court in this behalf expended.

Judgment affirmed.