**Robert Lewis WHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 47485.**

Court of Criminal Appeals of Texas.

Oct. 17, 1973.

Rehearing Denied Nov. 7, 1973.

Roy Bass, Lubbock, for appellant.

Alton R. Griffin, Dist. Atty., and Harley Huff, Asst. Dist. Atty., Lubbock, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

JACKSON, Commissioner.

The offense is burglary; the punishment, enhanced under Art. 63, Vernon's Ann.P.C., life.

The sufficiency of the evidence is not challenged. Appellant's sole ground of error charges that the trial court erred in admitting evidence of two prior convictions of the defendant which had not been alleged in the indictment. Appellant argues

that these two convictions were not admissible for the three following reasons:

1. Since four convictions were submitted to the jury, it is possible that the jury could have found that the two convictions alleged in the indictment were bad, and, therefore, based their verdict on the two convictions not alleged in the indictment. This would constitute a variance between the indictment and the proof.

2. To submit four convictions while only two have been alleged constituted unfair surprise to the appellant.

3. The submission of the unalleged convictions was unduly prejudicial to the appellant.

In support of his first argument, appellant cites the case of Moore v. State, 154 Tex.Cr.R. 307, 227 S.W.2d 219. In that case, the State had introduced evidence of nine prior convictions including the two alleged in the indictment for enhancement under Art. 63, supra. This Court reversed *Moore* stating that only the convictions alleged in the indictment were available to the State for enhancement.

■ This decision is still applicable in that to be used for enhancement of punishment under Art. 63, V.A.P.C., the prior convictions must be alleged; however, since *Moore* the legislature provided for a bifurcated trial by the enactment of Art. 37.07, Vernon's Ann.C.C.P., in 1965, amended in 1967, which says that at the punishment phase of the trial ". . . . Evidence may be offered by the State and the defendant as to the prior criminal record of the defendant, his general reputation and his character . . . ."

In Martinez v. State, Tex.Cr.App., 469 S.W.2d 185, Presiding Judge Onion, speaking for the Court, said:

"In proving the 'prior criminal record' of an accused under the provisions of Article 37.07, V.A.C.C.P., the State is not limited to prior convictions alleged in the indictment for enhancement, if

any. Any prior conviction relevant under such statute is admissible. (Citations omitted)." See also Puentes v. State, Tex.Cr.App., 463 S.W.2d 730; Hathorne v. State, Tex.Cr.App., 459 S. W.2d 826; Pendleton v. State, Tex.Cr. App., 434 S.W.2d 694.

■ In regard to appellant's theory "that the jury may not have found the allegations of the two prior convictions alleged in the indictment 'true' but may have found that appellant committed two other prior felonies, thus, constituting a variance from the indictment," we observe that the court's charge limited the jury's finding to only those prior felony convictions alleged in the indictment. It did not give the jury unbridled discretion to find that appellant had been convicted of "any" prior felonies.

■ Along this same line of reasoning, appellant puts forth the novel argument that the purpose behind admitting prior convictions under Art. 37.07, supra, is defeated in situations where punishment is set by law under the enhancement statutes. Stated differently, he contends that since prior convictions are admissible under 37.-07, supra, to enable the jury to more intelligently exercise their discretion in setting punishment, when the enhancement statutes are applicable, the punishment is automatically set by law and the jury has no discretion. Thus, he contends, the evidence of these "priors" serves no purpose.

This argument, of course, presupposes that the jury will find the enhancement allegations true. It could well be that the jury would find the enhancement allegations untrue and would thus need aid in exercising their discretion in setting punishment for the previous offense, to-wit, the evidence of any other prior felony convictions not alleged in the indictment. If we were to accept appellant's reasoning, it would be necessary to move to a *trifurcated* type trial in which guilt or innocence would first be determined, then the truth or untruth of the enhancement allegations, and finally if the enhancement allegations

were found untrue, a third stage at which punishment would be assessed by the jury and in which the State could prove up prior felony convictions committed by appellant.

 In regard to whether or not appellant was unduly surprised by the State's proof of the two "priors" not pleaded, we note that appellant did not at any time indicate to the trial court that he was unduly surprised. His only objection to the introduction of these other "priors" stated no ground for excluding them. Further, Art. 37.07, supra, was held in Redd v. State, Tex.Cr.App., 452 S.W.2d 919, to put every accused on notice that the State may show his prior criminal record. See also Denham v. State, Tex.Cr.App., 428 S.W.2d 814; Ellingsworth v. State, Tex.Cr.App., 487 S.W.2d 108; Sierra v. State, Tex.Cr. App., 476 S.W.2d 285; and Viera v. State, Tex.Cr.App., 493 S.W.2d 160. We hold that appellant was not unduly surprised nor prejudiced by the introduction of these prior convictions.

Appellant's ground of error is overruled and the judgment is affirmed.

Opinion approved by the Court.