The STATE of Texas ex rel. CITY OF WEATHERFORD, Appellants,

v.

TOWN OF HUDSON OAKS et al., Appellees.

No. 5548.

Court of Civil Appeals of Texas, Eastland.

Dec. 4, 1980.

Rehearing Denied Jan. 15, 1981.

James O. Mullin, Mac Smith, Dist. Atty., Weatherford, for appellants.

Jerry Buckner, Weatherford, for appellees.

RALEIGH BROWN, Justice.

This is a quo warranto proceeding brought by the State of Texas acting through the district attorney of Parker County on relation of the City of Weatherford to declare the incorporation of the Town of Hudson Oaks invalid. The trial court rendered summary judgment upholding the validity of the incorporation. State of Texas and City of Weatherford appeal. We reverse and remand.

In mid-1978, the County Judge of Parker County was petitioned to call an election for incorporation of three additions, Hudson Heights, Oak Ridge, and Green Oaks Estate, as a town to be called Hudson Oaks. The order calling the election was entered August 23, 1978. On September 30, 1978, the election was held. By order dated November 1, 1978, the County Judge found the incorporation had been approved and declared the area to be duly incorporated as "The City of Hudson Oaks, Texas." This suit was filed on August 17, 1979.

The Town of Hudson Oaks concedes that in light of *State ex rel. Needham v. Wilbanks*, 595 S.W.2d 849 (Tex.1980), the granting of summary judgment could not be sustained on the theory that its incorporation was validated by the Legislature by Tex.Rev.Civ.Stat.Ann. art. 974d–30 (1979).[1] It argues, however, that the summary judgment was properly granted because the quo warranto proceeding was not brought within thirty days after the return day of the election.[2]

The issue, therefore, is whether the failure to give the statutorily required thirty

1. Section 1. The incorporation proceedings of all cities and towns incorporated or attempted to be incorporated under the general laws before the effective date of this Act, which have functioned or attempted to function as incorporated cities or towns since their incorporation or attempted incorporation, are validated in all respects as of the date of the incorporation or attempted incorporation. The incorporation proceedings may not be held invalid because they were not performed in accordance with law.

2. Art. 9.03 Notice of contest

day notice precluded the bringing of this proceeding. We hold that it does not because this is not an election contest. We are not persuaded by the dicta expressed in *State ex rel. Kimmons v. City of Azle*, 588 S.W.2d 666, at 670 (Tex.Civ.App.—Forth Worth 1979, no writ) suggesting that such a proceeding is an election contest.

The court in *City of Kingsville v. International Association of Firefighters, Local Union No. 2390*, 568 S.W.2d 397 (Tex.Civ.App.—Corpus Christi 1978, no writ) said:

According to *Clark v. Stubbs*, 131 S.W.2d 663, 666 (Tex.Civ.App.—Austin 1939, no writ) an election contest challenges matters which "tend to show that an election was not properly ordered or fairly conducted, such as the failure to give notice of the time and place where the election is to be held or that illegal votes were cast thereat, or some other matter that would impeach the fairness of the result." In other words, an election contest challenges the election process. *Dickson v. Strickland*, 114 Tex. 176, 265 S.W. 1012, 1018 (1924); *Hodges v. Cofer*, 449 S.W.2d 836, 838 (Tex.Civ.App.—Houston (1st Dist.) 1970, writ ref'd n. r. e.).

In the case at bar, the State seeks to determine whether Hudson Oaks had proper authority to seek incorporation, there being a factual dispute as to whether the area constitutes a "town." *W. D. Needham v. Wilbanks*, supra. Such determination is not within the scope of an election contest. *Ladd v. Yett*, 273 S.W. 1006 (Tex.Civ.App.—Austin 1925, writ dism'd); *Magnolia Petroleum Company v. Jackson County Water Control and Improvement District No. 1*, 290 S.W.2d 310 (Tex.Civ.App.—Galveston 1956, no writ).

Any person intending to contest the election of any one holding a certificate of election for any office mentioned in this law, shall, within thirty (30) days after the return day of election, give him a notice thereof in writing and deliver to him, his agent or attorney, a written statement of the ground on which such contestant relies to sustain such contest. By the "return day" is meant the day on which the votes cast in said election are counted and the official result thereof declared.

Art. 9.30 Other contested elections

As stated by the court in *Walling v. North Central Texas Municipal Water Authority*, 162 Tex. 527, 348 S.W.2d 532 (1961):

It has often been said that quo warranto proceedings are the sole and exclusive remedy by which the legality of the existence and organization of a public or private corporation may be questioned.

Therefore, the State could properly challenge Hudson Oaks' authority to seek incorporation by quo warranto proceedings. Because this was not an election contest, the thirty day notice was not required. Hudson Oaks has conceded that there are issues of fact, unless the thirty day notice provision defeats the cause of action.

The judgment is reversed, and the cause remanded.

If the contest be for the validity of an election held for any other purpose than the election of an officer or officers in any county or part of a county or precinct of a county, or in any incorporated city, town, or village, any resident of such county, precinct, city, town, or village, or any number of such residents, may contest such election in the district court of such county in the same manner and under the same rules, as far as applicable, as are prescribed in this chapter (arts. 9.01–9.38) for contesting the validity of an election for a county office.