The TOWN OF HUDSON OAKS, et al., Appellant,

v.

The STATE of Texas On the Relation of the CITY OF WEATHERFORD, Appellee.

No. 2–82–181–CV.

Court of Appeals of Texas, Fort Worth.

Feb. 3, 1983.

Jerry Buckner, Weatherford, for appellant.

Mac Smith, Dist. Atty., James O. Mullin, Weatherford, for appellee.

Before HUGHES, JORDAN and ASHWORTH, JJ.

## OPINION

ASHWORTH, Justice.

The Town of Hudson Oaks, et al., appeal from a judgment which decreed that the incorporation of the Town of Hudson Oaks is void.

Reversed and rendered.

A review of the record shows that an election for incorporation of the Town of Hudson Oaks was held on September 30, 1978, by order of the County Judge of Parker County. The election proposition carried and on November 1, 1978, the County Judge declared the town to be duly incorporated. This quo warranto suit was filed by the State of Texas on August 17, 1979, to challenge the legality of the incorporation. Summary judgment was rendered in favor of Hudson Oaks, and such judgment appealed to this court. The appeal of the summary judgment was heard by the Eastland Court of Appeals, *State v. City of Weatherford,* 610 S.W.2d 550 (Tex. Civ.App.—Eastland 1980, no writ), and the cause was returned to the trial court to determine if Hudson Oaks was a previously existing town or city at the time of the election. A jury trial was held on this issue and the jury found that the Town of Hudson Oaks was an existing city, town, or village prior to its incorporation on September 30, 1978. The trial court rendered judgment in favor of the State of Texas notwithstanding the jury's verdict, finding that the election was void because held on a date not authorized by Tex.Election Code Ann. art. 2.01b (Supp.1982).

Appellant's single ground of error is that the trial court erred in granting judgment non obstante veredicto after finding that the validation statutes did not have the legal effect of validating an incorporation defect.

There is no question about the fact that the election in question was held on a date not authorized by article 2.01b of the Election Code, and was therefore void by the express words of that article. However, appellant contends that even in the face of the Election Code, the Town of Hudson

Oaks was incorporated as of September 30, 1978, by virtue of Tex.Rev.Civ.Stat.Ann. art. 974d–30 (Supp.1982), a validation statute effective June 13, 1979. (The present suit was filed August 17, 1979). Article 974d–30 provides that the incorporation proceedings of any town attempted to be incorporated prior to June 13, 1979, which has functioned, or attempted to function, as an incorporated town since such attempted incorporation, are validated as of the date of the attempted incorporation. *"The incorporation proceedings may not be held invalid because they were not performed in accordance with law."* [Emphasis added.] Article 974d–30, § 1.

■ We must first determine if Hudson Oaks is entitled to avail itself of the pronouncements of art. 974d–30. The case of *State ex rel. Needham v. Wilbanks,* 595 S.W.2d 849 (Tex.1980) provides direction in this regard, and holds that a town or village already in existence at the time of the attempted incorporation is entitled to the benefits of the validating statutes. In the instant case, the finding of the jury that Hudson Oaks was an existing town at the time of the election was not challenged on sufficiency of the evidence. Such jury finding is accepted, and Hudson Oaks is entitled to the provisions of article 974d–30.

■ We must now determine what effect article 974d–30 has on the attempted incorporation of Hudson Oaks. Article 2.01b of the Election Code says the attempted incorporation is void—article 974d–30 says prior attempted incorporations are validated. Which prevails?

The case of *State v. Bradford,* 121 Tex. 515, 50 S.W.2d 1065 (Tex.1932) holds that "what the Legislature could have authorized in the first instance it could ratify, if at the time of ratification it has the official authority to authorize." Even more directly in point and stronger in language is the case of *Perkins v. State,* 367 S.W.2d 140, 145 (Tex.1963) which holds that "even though an act of incorporation is void from its inception because of an unwarranted exercise of power or because of an entire ab-

sence of power, the Legislature may validate such act and make it live, for what the Legislature has the power to authorize, it has the power to ratify." Article 974d–30 prevails.

We do find it appropriate to address appellee's contention that *Salmon v. Lamb,* 616 S.W.2d 296 (Tex.Civ.App.—Houston [1st Dist.] 1981, no writ) stands for the proposition that the Election Code stands above other Texas laws. In that case, the Governor gave the Secretary of State authority to reschedule elections in League City which would have been held during Hurricane Allen. The Houston Court held that the Texas Disaster Act, Tex.Rev.Civ.Stat. Ann. art. 6889–7 (Supp.1982) did not give the Governor authority to order elections held on a date other than the four dates listed in article 2.01b of the Election Code. There are two points to consider here.

 First, the Texas Disaster Act was passed *before* the Election Code, and the Election Code would supercede conflicting prior laws. The validating statute, article 974d–30, was passed *after* the Election Code. Second, the validating statute does not attempt to give cities or towns the authority to hold elections on dates not provided for in the Election Code at a future time. It merely validates a past act that was not done in accordance with the law. The Legislature has the authority to set election dates, to amend the Election Code if necessary, and to validate a violation of the statutes it created. Such acts are *not* within the authority of the Governor nor the Secretary of State. While *Salmon v. Lamb, supra,* appears to be correct, it is not on point.

Appellant filed a general denial only in the trial court. Appellee's third and fourth counterpoints complain of appellant's failure to file "validation" as an affirmative defense, and failure to secure any affirmative findings of validation.

Appellee cites no cases for the contentions advanced above. Generally, the law is settled that the purpose of pleadings is to put the opposing party on fair notice of what will be attempted to be proved at time of trial. In this case appellee attacked the incorporation of appellants and since validation statutes present themselves in practically every such attack, we hold that appellant was entitled to prove the defense of validation under its general denial. With regard to affirmative findings of validation, the trial court found that the incorporation had not been validated, which is a conclusion of law, and with which we disagree.

Appellee's final counterpoint is directed at appellant's failure to file a cost bond on appeal. We have held that appellant's attempted incorporation on September 30, 1978, was validated. Appeal bonds are not required of duly incorporated towns. Tex.Rev.Civ.Stat.Ann. art. 2072 (1964).

The judgment of the trial court is reversed, and judgment is here rendered that the Town of Hudson Oaks in Parker County, Texas, was duly incorporated on September 30, 1978.