Lisa GUSS, A/K/A "Purple Rain," Appellant,

v.

The STATE of Texas, Appellee.

No. 07–88–0026–CR.

Court of Appeals of Texas, Amarillo.

Jan. 10, 1989.

Thomas Paige Brittain, Amarillo, for appellant.

Danny E. Hill, Dist. Atty., Michael D. Meredith, Asst. Dist. Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

DODSON, Justice.

A jury convicted appellant Lisa Guss, a/k/a "Purple Rain," of murder, Texas Penal Code Annotated section 19.01(a) (Vernon 1974), and assessed her punishment at ninety-nine years confinement in the Texas Department of Corrections and a fine of $10,000. By a single point of error, appellant claims the trial court erred in submitting a special issue to the jury regarding the use of a deadly weapon. We affirm.

The record shows that the trial court's charge at the punishment phase of the trial contained a special issue on the use or exhibition of a deadly weapon during the commission of the offense. The special issue was answered in the affirmative by the jury. Appellant states that "[a]lthough the record does reflect that Appellant's counsel was advised by letter of the State's intention to seek an affirmative finding on this issue, the indictment contains no such pleading, nor is there any special pleading by the State on this issue."

To support her position, appellant relies on *Ex parte Patterson*, 740 S.W.2d 766 (Tex.Crim.App.1987). In *Patterson*, the Court determined that the trial court's charge was fundamentally defective insofar as the charge authorized the jury to answer the special issue regarding the defendant's use of a deadly weapon since the defendant was entitled to notice by a pleading that the State would pursue an affirmative finding on the use or exhibition of a deadly weapon issue.

■ Speaking to "[h]ow 'may' the State plead it?", the *Patterson* Court suggested that the literal language of article 27.01, Texas Code of Criminal Procedure Annotated (Vernon 1966), which deals with indictments and informations, is broad enough to accommodate a special plea by the State. The Court also acknowledged that article 37.07, section 1(a), Texas Code of Criminal Procedure Annotated (Vernon 1981), authorizes jury findings upon special pleas. However, the Court further pointed out that, aside from the indictment or information, the Code of Criminal Procedure does not provide a specific mechanism to implement such a special plea. Thus, the Court strongly suggested that the matter should appear in the indictment, preferably in a separate paragraph, much as enhancement allegations are presently pleaded. Nevertheless, the Court specifically held that the matter is not required to be pleaded in the indictment. *Id.* at 776. Thus, the legal effect of the Court's determination in *Patterson* is that the State must give notice to the defendant by a written pleading that the State intends to seek an affirmative finding on the issue of use or exhibition of a deadly weapon.

■ Unlike the defendant in *Patterson*, appellant in this instance does not complain that she was not given notice or did not know that the State would request the finding, nor does she assert a constitutional due process violation. Appellant simply claims the trial court erred by submitting a special issue to the jury on the use of a deadly weapon because there is no pleading to support the submission of the issue. We disagree.

Although the record shows that "use of a deadly weapon" was not pleaded in the indictment, it was pleaded in an instrument dated 30 November 1987, filed for record in this cause on 30 November 1987, and a copy was forwarded to appellant's counsel. By that instrument, the State declared its intention to prove the use of a deadly weapon in the cause and to request a jury charge and finding of use of a deadly weapon. In that regard, we must point out that in their simplest form, pleadings are defined as "the statements setting forth to the court the claims or allegations of the plaintiff and the answer of the defendant."

Webster's New World Dictionary (3rd College Edition 1980). In this instance, we are persuaded that the 30 November 1987 instrument filed in this cause by the State is sufficient to meet the "pleading" requirement of *Patterson*. *See Garcia Rodriquez v. State*, 750 S.W.2d 906, 910–11 (Tex.App.—Corpus Christi 1988, pet. ref'd) (determining that "use of a deadly weapon" was pleaded in the plea of guilty which was agreed to and signed by the defendant). Consequently, we conclude that the trial court did not err by submitting a special issue to the jury regarding the use of a deadly weapon.

Appellant's sole point of error is overruled and the trial court's judgment is affirmed.