**Michael Joe BROOKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–94–00271–CR.

Court of Appeals of Texas, Houston (14th Dist.).

April 25, 1996.

.

Terri Tipton Holder, Angleton, for appellant.

David Bosserman, Angleton, for appellee.

Before LEE, HUDSON and EDELMAN, JJ.

## OPINION

HUDSON, Justice.

A jury convicted appellant, Michael Joe Brooks, of delivery of a controlled substance. After finding that appellant had been previously convicted of attempted murder, the jury assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for 15 years and a $15,000 fine. Appellant brings two points of error in which he claims the trial court erred (1) in submitting an enhanced punishment charge and (2) in admitting into evidence an audio recording without proper authentication. We affirm the judgment of the trial court.

In his first point of error, appellant contends the court erred by submitting an issue to the jury regarding enhancement of punishment when the indictment contained no such allegation. When the grand jury returned the indictment against appellant, it contained no enhancement paragraph. The State filed a motion for leave to amend the indictment by adding an allegation that appellant had been previously convicted of attempted murder. The State's motion to amend was granted. Both the State's motion and the court's written order amending the indictment recite the new enhancement paragraph *in hæc verba.* At no time, however, was the face of the indictment physically altered to reflect the addition of an enhancement paragraph.

■■■ The court of criminal appeals has held that no amendment of an indictment is effective until the face of the charging instrument has been physically altered to reflect the amendment. *Ward v. State,* 829 S.W.2d 787, 793 (Tex.Crim.App.1992). Neither the motion to amend nor the granting of it constitutes the amendment. *Id.* Here, we are presented only with the trial judge's order *permitting* amendment of the indictment. Because no physical alteration was made to the instrument itself, the indictment was not amended.

It is well established that only prior convictions *pleaded* by the State may be used for enhancement. *Moore v. State,* 154 Tex.Crim. 307, 227 S.W.2d 219, 221 (1950). Since the indictment contained no enhancement paragraph, we first consider whether enhancement allegations may be pled in some manner other than by inclusion in the indictment.

Pleadings were, at one time, almost entirely oral. The parties simply stood opposite each other and the plaintiff recited his case or *tale.*[1] While pleadings are today almost entirely written,[2] Texas has rejected the strict formalities identified with common law pleadings.[3] Virtually any writing giving fair notice of some aspect of a claim or defense, signed by counsel, served on the opposing

---

1. 2 SIR FREDERICK POLLOCK AND FREDRIC W. MAITLAND, THE HISTORY OF ENGLISH LAW 604–05 (2nd ed. 1899); 3 WILLIAM BLACKSTONE, COMMENTARIES ON THE LAWS OF ENGLAND 293 (1768).

2. All civil pleadings must be in writing, signed by the party or his attorney, and be filed with the clerk. TEX.R.CIV.P. 45(d). In criminal law, the State's indictment, a defendant's motion to quash or set aside an indictment, and a defendant's plea in bar must be in writing. TEX.CODE CRIM. PROC.ANN. art. 27.01 (1989); TEX.CODE CRIM.PROC. ANN. art. 27.10 (1989). Pleadings traditionally permitted by common law to be made orally, such as a plea of guilty, not guilty, or nolo contendere are not required to be in writing.

3. "Any allegations which would show with reasonable certainty the cause of action or ground of defense will be sufficient, without reference to conformity with or departure from the rules of pleading as recognized at common law." *Holman v. Criswell,* 15 Tex. 394, 397 (1855).

party, and filed with the court, is a pleading.[4] The State's motion to amend the indictment was authorized by statute. TEX.CODE CRIM. PROC.ANN. art. 28.10 (Vernon 1989). It was set forth in writing, signed by the attorney representing the State, served on opposing counsel, and filed with the clerk of the trial court. The State's motion to amend the indictment gave appellant fair notice of the State's intent to enhance his punishment with his prior conviction for attempted murder.

An indictment serves at least two distinct purposes. One function of an indictment is to serve as the State's primary pleading. TEX.CODE CRIM.PROC.ANN. art. 27.01 (Vernon 1989). The purpose of a pleading is to put the opposing party on fair notice of claims or defenses that will be proved at the time of trial. *Town of Hudson Oaks v. State ex rel. City of Weatherford,* 646 S.W.2d 610, 612 (Tex.App.—Fort Worth 1983, writ ref'd n.r.e.). Another function is that an indictment satisfies one of the constitutional prerequisites to a felony prosecution by simply being the "written statement of a grand jury." TEX. CONST. art. I, § 10; TEX.CODE CRIM.PROC.ANN. art. 21.10 (Vernon 1989). Without such a statement, the district court has no jurisdiction to entertain a felony cause of action. *Winfrey v. Chandler,* 159 Tex. 220, 318 S.W.2d 59, 61–62 (1958).

It is not constitutionally necessary that an enhancement allegation be "the written statement of a grand jury." Because an enhancement paragraph does not form any part of the allegations of criminal wrongdoing, a defendant has no constitutional right to have a grand jury decide whether the allegation is supported by probable cause. *Batiste v. State,* 785 S.W.2d 432, 436 (Tex.App.—Corpus Christi 1990), *pet. ref'd,* 830 S.W.2d 951 (Tex.Crim.App.1992). The only purpose of an enhancement paragraph is to provide the accused with *notice* that the State will attempt to use a specific conviction for en-

hancement of punishment. *Coleman v. State,* 577 S.W.2d 486, 488 (Tex.Crim.App. 1979). An enhancement allegation, therefore, is merely a pleading. It contains no elements of the offense. It does not convey jurisdiction upon the trial court. Accordingly, it does not have to be pled with the same degree of particularity as the primary offense. *Cole v. State,* 611 S.W.2d 79, 80 (Tex. Crim.App.1981).

At one time, the State's *only* pleading was its indictment. TEX.CODE CRIM.PROC. art. 481 (1856) (repealed 1879). Under these circumstances, enhancement allegations had to appear on the face of the indictment. *Long v. State,* 36 Tex. 6, 10 (1871). With the adoption of the 1879 code, however, the status of an indictment changed from being the State's *sole* pleading, to merely being its *primary* pleading.[5] This continues to be the condition of indictments under the present code. TEX. CODE CRIM.PROC.ANN. art. 27.01 (Vernon 1989). This change has permitted the State to use for "notice" purposes, pleadings other than its indictment. *See Guss v. State,* 763 S.W.2d 609, 610–11 (Tex.App.—Amarillo 1989, no pet.) (document served on defense counsel and filed with the court was a sufficient pleading to give notice of the State's intention to seek an affirmative finding of a deadly weapon).

Although the statutory precept that dictated the disposition of *Long* was altered more than a century ago, the court of criminal appeals has reaffirmed the holding. *See Ex parte Patterson,* 740 S.W.2d 766, 776 (Tex.Crim.App.1987), *modified, Ex parte Beck,* 769 S.W.2d 525, 528 (Tex.Crim.App. 1989).[6] As an intermediate appellate court, we are obliged to follow the holdings of the court of criminal appeals. We need not decide, therefore, whether the State's motion to amend the indictment constitutes a pleading, or whether it provided sufficient notice to satisfy the constitutional guarantees of due

---

**4.** A defendant's pleadings, for example, include any motion permitted by law to be filed. TEX. CODE CRIM.PROC.ANN. art. 27.02 (Vernon 1989).

**5.** *See* TEX.CODE CRIM.PROC. art. 521 (1879); TEX. CODE CRIM.PROC. art. 557 (1895); TEX.CODE CRIM. PROC. art. 568 (1911); TEX.CODE CRIM.PROC. art. 504 (1925); TEX.CODE CRIM.PROC.ANN. art. 27.01 (1989).

**6.** In *White v. State,* 500 S.W.2d 529, 530 (Tex. Crim.App.1973), the court also stated in dicta that only convictions alleged in an indictment are available to the State for enhancement.

process and due course of law. Before they can be used for enhancement of punishment under felony recidivist statutes, prior convictions must be pled *in the indictment. Patterson*, 740 S.W.2d at 776.

■ Because enhancement allegations must be posited in the indictment, and the indictment contains no enhancement paragraph, a variance exists between the allegations in the indictment and the trial court's punishment charge. The State contends appellant waived this defect by his failure to object on two critical occasions. To preserve error for appellate review, the complaining party must ordinarily make a timely and specific objection. *Turner v. State*, 805 S.W.2d 423, 431 (Tex.Crim.App.), *cert. denied*, 502 U.S. 870, 112 S.Ct. 202, 116 L.Ed.2d 162 (1991); *Armstrong v. State*, 718 S.W.2d 686, 699 (Tex.Crim.App.1985). The State claims appellant should have objected (1) to the State's flawed indictment and (2) to the defective punishment charge.

■ When a defendant fails to object to a defect, error, or irregularity in the form or substance of an indictment, he may not raise the objection on appeal. TEX.CODE CRIM. PROC.ANN. art. 1.14(b) (Vernon Supp.1996). Because appellant did not object to the putative amendment, the State claims appellant is now barred from complaining about a charge predicated upon the "amended" indictment. However, where the indictment contains *no* enhancement paragraph, appellant has no duty to object to its absence. The absence of an enhancement paragraph is not a "defect, error, or irregularity." *Luken v. State*, 780 S.W.2d 264, 268 (Tex.Crim.App.1989). The court of criminal appeals has held that in an accusatory system of criminal justice, an appellate court cannot require that the accused complain he faces too lenient a range of punishment. *Id.* Appellant did not waive his complaint concerning the court's *charge* by failing to object to the want of an enhancement paragraph in the State's *indictment.*

■ The State also claims appellant waived any complaint regarding the variance when he failed to object to inclusion of the enhancement issue in the punishment charge.

Error in the court's charge may be raised for the first time on appeal. However, defects in the charge will not constitute reversible error unless they result in "egregious harm" to the accused. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1985). The test for determining the existence of "egregious harm" is whether the accused was denied "a fair and impartial trial." *Id.*, at 172.

It is undisputed that appellant had a prior felony conviction. Appellant testified that he was convicted of attempted murder in 1985 and sentenced to 20 years in the penitentiary. As a second offender, appellant was subject to the possibility of enhanced punishment. Months before his trial, the State gave appellant notice it would seek enhanced punishment based on his prior conviction for attempted murder. The issue was joined at the beginning of the punishment hearing when the State's attorney read the "remainder" of the "amended" indictment to the jury without objection. Appellant confessed in the jury's presence that the allegation was true, but after receiving further admonitions from the trial court, changed his plea to "not true." Appellant made no objection when the trial court submitted the issue to the jury in the punishment charge. In short, both sides treated the enhancement allegation as if it were in the indictment and properly before the court and jury.

Appellant does not complain that the enhancement allegation surprised him or that he was unprepared to meet it. The irregularity before us stems solely from the fact the enhancement paragraph was not physically taped, stapled, or glued to the face of the indictment as technically required by the holding in *Ward.* In terms of due process and fundamental fairness, we cannot say appellant was deprived of "a fair and impartial trial." Appellant's first point of error is overruled.

■ Appellant's second point of error contends the court below erred during the guilt/innocence phase of the trial by admitting into evidence the tape recording of a drug transaction that had not been properly authenticated. The recording was made by an undercover police officer when he purchased several pieces of crack cocaine from

appellant. When the State attempted to offer the tape recording into evidence, appellant stated: "I'm going to object to the introduction of the tape at this point until we have some testimony from the person actually operating the device that made the recording." The objection was overruled.

The seven-prong test for authentication of electronic recordings set forth in *Edwards v. State*, 551 S.W.2d 731, 733 (Tex.Crim.App. 1977), has been substantially incorporated into TEX.R.CRIM.EVID. 901. *Leos v. State*, 883 S.W.2d 209, 211 (Tex.Crim.App.1994). Rule 901 provides that recordings may be authenticated by "evidence sufficient to support a finding that the matter in question is what its proponent claims." TEX.R.CRIM. EVID. 901(a). Several means by which the authenticity of a recording may be established are listed; among these are:

(1) *Testimony of a witness with knowledge.* Testimony that a matter is what it is claimed to be.

\* \* \* \* \* \*

(5) *Voice identification.* Identification of a voice, whether heard firsthand or through mechanical or electronic transmission or recording by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker.

TEX.R.CRIM.EVID. 901(b)(1), (5).

The undercover officer who wore the microphone and conducted the drug transaction with appellant testified that he had listened to the recording, that it was an accurate recording of the transaction in question, that there had been no deletions in the tape, and that the voices on the tape were those of himself, appellant, and a confidential informant. As the tape was played, the officer described the scene, identified the speakers, and explained the context of the recorded dialogue.

We believe that the testimony of the officer was sufficient to authenticate the recording. The officer's firsthand knowledge of the recorded events and his identification of appellant's voice satisfy Rule 901's predicate for admissibility. *Chatham v. State*, 889 S.W.2d 345, 348 (Tex.App.—Houston [14th Dist.]

1994, pet. ref'd). Appellant's second point of error is overruled.

LEE, Justice, dissenting.

The majority acknowledges that the indictment was not amended and that appellant did not fail to preserve error, yet it determines that appellant was not "egregiously harmed" by the failure to amend the indictment to include an enhancement paragraph. I disagree and, therefore, dissent.

In order to amendment an indictment, the indictment must actually be altered. Neither the motion to amend nor the granting thereof constitutes the amendment. *Ward v. State*, 829 S.W.2d 787, 793 (Tex.Crim.App.1992). It is well settled that the enhancement of punishment must be limited to those prior convictions actually pled. *White v. State*, 500 S.W.2d 529, 530 (Tex.Crim.App.1973); *Moore v. State*, 154 Tex.Crim. 307, 227 S.W.2d 219, 221 (1950). The Texas Constitution guarantees an accused the right to be informed of the nature and cause of the accusation against him in a criminal prosecution. TEX. CONST. art. I, § 10; *Hilton v. State*, 879 S.W.2d 74, 78 (Tex.App.—Houston [14th Dist.] 1994, no pet.). This information must come from the face of the indictment. *Ward*, 829 S.W.2d at 794; *Benoit v. State*, 561 S.W.2d 810, 813 (Tex.Crim.App.1977); *Hilton*, 879 S.W.2d at 78. As in *Ward*, the order granting the state's motion to amend certainly provided appellant with notice of the changes which would be made to the indictment, but it did not provide him notice of the actual charge against him. *Ward*, 829 S.W.2d at 794. It is a **fundamental** guarantee that an accused is to learn in advance of trial what he is being accused of so that he may properly prepare his defense. *Id.* Because the charging instrument in this case is devoid of *any* enhancement provisions, the state failed to provide appellant with notice of the enhancement allegation. Accordingly, I would reverse the judgment of the trial court and remand for a new punishment hearing.