NUMBER 13-99-747-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI

___________________________________________________________________ 



RALPH CANTU, Appellant, 



v. 



THE STATE OF TEXAS, Appellee. 

___________________________________________________________________ 


On appeal from the 377th District Court 

of Victoria County, Texas.

___________________________________________________________________ 



O P I N I O N

Before Justices Hinojosa, Yañez, and Chavez

Opinion by Justice Chavez

 

This case arises out of a stabbing in a barroom fight in Victoria, Texas. A jury found appellant Ralph Cantu guilty of
aggravated assault(1)and sentenced him as a repeat offender to ninety-nine years incarceration. He now raises three issues
on appeal. We affirm. 

In his first point of error, appellant challenges the legal and factual sufficiency of the evidence to support his conviction. In
a factual sufficiency review, a reviewing court sets aside the verdict only if it is so contrary to the weight of the evidence as
to be clearly wrong and unjust. Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996). In a legal sufficiency
review, the reviewing court views the evidence in the light most favorable to the verdict to determine whether a rational
trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443
U.S. 307, 319 (1979);Williams v. State, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). A conviction based on
circumstantial evidence does not require an absolute certainty that excludes every possible hypothesis, but may not be
sustained if the circumstances only provide a strong suspicion of guilt. See Earhart v. State, 823 S.W.2d 607, 616 (Tex.
Crim. App. 1991). 

Once a defendant is found guilty, a reviewing court may not second guess the fact finder as long as a rational trier of fact
could conclude that any remaining doubts are not reasonable. See Boulden v. State, 810 S.W.2d 204, 206. Appellant
argues that key witnesses were intoxicated at the time of the altercation; the police officers who testified did not arrive at
the scene until after the assault was over; the lighting made it difficult to see in the barroom; the altercation lasted a short
amount of time; the bartender could not identify appellant at close range; a witness did not see the weapon, and that one
witness's testimony showed that self-defense could have been a motive for the attack. Other evidence included the weapon
allegedly used in the assault, which was found in his pocket when he was searched by police at the scene. There was blood
on the knife that matched the blood of the victim of the crime. We overrule appellant's first point of error. 

In his second point of error, appellant argues that the trial court should not have allowed an amendment of the enhancement
paragraph of the indictment at the punishment stage of the trial. While reading the second of two enhancement paragraphs,
the State asked that the term "24th" be inserted before "Judicial District Court" and that "Victoria County" be added as the
county of conviction. 

There was no objection to this request and no ruling on it. The State's request to amend the indictment did not, by itself,
constitute an amendment to the indictment. Brooks v. State, 921 S.W.2d 875, 877 (Tex. App.--Houston [14th Dist.]
1996),aff'd, 957 S.W.2d 30 (Tex. Crim. App 1997). There was no change written on the indictment. See Ward v. State,
829 S.W.2d 787, 793 (Tex. Crim. App. 1992) (no amendment of an indictment is effective until the face of the charging
instrument has been physically altered to reflect the amendment). Even if the request had been granted, it would not have
constituted an amendment. Brooks, 921 S.W.2d at 877. No effect on appellant is shown because he qualified as a repeat
offender due to other enhancements properly listed in the first enhancement paragraph of the indictment. We overrule
appellant's second point of error. 

In his third point of error, appellant argues that he received ineffective assistance of counsel during trial. Specifically,
appellant complains that trial counsel failed to challenge the chain of custody of the State's physical evidence during the
testimony of two of the State's witnesses. Appellant further argues that trial counsel should have brought evidence before
the jury about blood-splatter velocities and blood-stain velocities to support his position that he was acting in self defense.
Appellant also argues that it was ineffective for trial counsel to not ask questions of the State's forensic analyst and of the
representative of the Texas Department of Criminal Justice who testified for the State. 

The United States Supreme Court and the Texas Court of Criminal Appeals have both promulgated a two-prong test to
determine whether representation was so inadequate that it violated the defendant's sixth amendment right to counsel.
Strickland v. Washington, 466 U.S. 668, 687 (1984); Hernandez v. State, 726 S.W.2d 53, 54-55 (Tex. Crim. App. 1986).
First, trial counsel's performance must fall "below an objective standard of reasonableness." Strickland, 466 U.S. 668,
687-88. This deficiency must be such that counsel failed to function as counsel. Yates v. State, 917 S.W.2d 915, 920 (Tex.
App.--Corpus Christi 1996, pet. ref'd.). Secondly, the appellant must prove that "the deficient performance prejudiced the
defense" by "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different."
Strickland, 466 U.S. at 686, 694. "A reasonable probability is a probability sufficient to undermine confidence in the
outcome." Id.at 693. "Failure to make the required showing of either deficient performance or sufficient prejudice defeats
the ineffectiveness claim." Id. at 700. 

 The burden of proving ineffective assistance of counsel is on the appellant by a preponderance of the evidence. Stafford v.
State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). The defendant must overcome a strong presumption that counsel's
performance fell within the wide range of reasonable professional assistance. Tijerina v. State, 921 S.W.2d 287, 289 (Tex.
App.--Corpus Christi 1996, no pet.). The chain of custody was well-established by the State; appellant's counsel could
have had a trial strategy that avoided these facts or sought not to repeat them. Trial counsel raised the issue that there were
many possible ways in which the blood at the scene of the altercation could have splattered and got an admission from a
State's witness that the splatter could have occurred as a result of several scenarios. The record does not reflect whether
expert blood-splatter testimony would help appellant's case nor does it show how much research appellant's attorney put
into blood splatter evidence. The State's witnesses provided damaging evidence against appellant, including evidence of
his membership in a violent prison gang. Trial counsel's decision not to question other witnesses could have been to
prevent further prejudice to his client. We will not second guess appellant's trial strategy. See Strickland, 466 U.S. at
689;Young v. State, 991 S.W.2d 835, 837-38 (Tex. Crim. App. 1999). We overrule appellant's third issue. 

 We AFFIRM the judgment of the trial court. 

 

 MELCHOR CHAVEZ 

 Justice 



Do Not Publish. 

Tex. R. App. P. 47.3. 



Opinion delivered and filed this 

the 2nd day of November, 2000. 

1. See Tex. Code Crim. P. § 22.02 (Vernon 1994).