NO. 07-02-0045-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

AUGUST 2, 2002

_____

GREGORY LYNN FRANKLIN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;

NO. 42,934-A; HONORABLE DAVID GLEASON, JUDGE

_____

Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

Following a plea of not guilty, appellant Gregory Lynn Franklin was convicted by a jury of delivery of a controlled substance and pursuant to a plea agreement on punishment, a 25-year sentence was imposed. In presenting this appeal, counsel has filed an *Anders*[1]

---

[1]*Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

brief in support of a motion to withdraw. Based upon the rationale expressed herein, the motion to withdraw is granted and the judgment is affirmed.

In support of his motion to withdraw, counsel has certified that, in compliance with Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), he has diligently reviewed the record and, in his opinion, the record reflects no meritorious ground on which an appeal can be predicated. Thus, he concludes the appeal is frivolous and without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978), counsel has candidly discussed why, under the controlling authorities, there is no error in the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant, and informed appellant that, in counsel's view, the appeal is without merit. In addition, counsel has demonstrated that he notified appellant of his right to review the record and file a *pro se* brief. Appellant did not file a *pro se* brief and the State did not favor us with a brief.

On May 10, 2000, while working undercover, Agent Brett Harbert of the Panhandle Regional Narcotics Task Force, arranged to meet with appellant to purchase methamphetamine. After several phone calls, the two agreed to meet at Bristow Forklift Shop and appellant told Harbert to bring $1,000. When Harbert arrived at the shop, appellant was not there and per appellant's instructions, he met with an employee named Vicki Snelson. Harbert was wearing a wireless microphone and became concerned about the battery power when appellant had not yet arrived. Harbert made an excuse to Snelson

2

to leave to check on his microphone. While he was gone, appellant arrived at the shop and placed the methamphetamine on the counter. Upon hearing someone arrive, Snelson picked up the methamphetamine and concealed it in her bra. Harbert had returned and placed $1,000 cash on the counter. Without speaking, appellant motioned to Harbert that Snelson had the methamphetamine. She retrieved the narcotics from her undergarment and gave it to Harbert. Appellant was arrested at a later date.

Counsel presents two arguable points of error on appeal. By his first point, he challenges the sufficiency of the evidence to support appellant's conviction, and by point two raises abuse of discretion by the trial court (1) in admitting an audio tape of the transaction, and (2) in not granting a mistrial when Harbert testified that he identified appellant from booking photographs. However, after a discussion of the evidence and the legal authorities, counsel candidly concedes no reversible error is presented. We first address the sufficiency of the evidence. When both the legal and factual sufficiency of the evidence are challenged, we must first determine whether the evidence is legally sufficient to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown beyond a reasonable doubt that the defendant committed each element of the alleged offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp. 2002); Tex. Pen. Code Ann. § 2.01 (Vernon 1994). In conducting a legal sufficiency review, we must determine whether, after viewing the evidence in the light most favorable

to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App. 1991), *overruled on other grounds*, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App. 2000). As an appellate court, we may not sit as a thirteenth juror, but must uphold the verdict unless it is irrational or unsupported by more than a mere modicum of evidence. Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

After conducting a legal sufficiency review under *Jackson*, we may proceed with a factual sufficiency review. *Clewis*, 922 S.W.2d at 133. The Court of Criminal Appeals has directed us to ask whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the fact finder's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11 (Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); *see also* King v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). Accordingly, we will reverse the fact finder's determination only if a manifest injustice has occurred. *Johnson*, 23 S.W.3d at 12. In conducting this analysis, we may disagree with the fact finder's determination, even if probative evidence supports the verdict, but must avoid substituting our judgment for that of the fact finder. *See* Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

4

Before determining whether the evidence is legally sufficient to sustain the conviction, we must review the essential elements the State was required to prove. Appellant was indicted for delivery of methamphetamine to Brett Harbert in an amount of four grams or more but less than 200 grams. Tex. Health & Safety Code Ann. § 481.112(a) & (d) (Vernon Supp. 2002). There are three ways to deliver a controlled substance, to-wit: (1) actual transfer, (2) constructive transfer, and (3) an offer to sell. § 481.002(8). The State plead all three forms of delivery in the indictment and the jury was charged with all three forms. Thus, proof of any form of delivery is sufficient to support appellant's conviction. *See* Moore v. State, 983 S.W.2d 15, 21 (Tex.App.–Houston [14th Dist.] 1998, no pet.).

Agent Harbert testified that he arranged a drug transaction with appellant to purchase methamphetamine for $1,000. Snelson, a co-defendant, waived her Fifth Amendment rights and after being admonished by the trial court, testified that she gave a package of methamphetamine to Harbert that appellant had placed on the counter and that she had hidden in her bra because they were at her place of employment. A forensic chemist established that the substance purchased by Harbert from appellant was 27.5 grams of methamphetamine. We conclude that after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of delivery of a controlled substance beyond a reasonable doubt.

Having concluded that the evidence is legally sufficient to support the verdict, we must now determine, after a neutral review of all the evidence, whether it is factually sufficient to support the verdict. *Johnson*, 23 S.W.3d at 11. It is the exclusive province of the fact finder to determine the credibility of the witnesses and the weight to be given their testimony. Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong v. State, 958 S.W.2d 278, 284 (Tex.App.–Amarillo 1997, pet. denied).

The State established that appellant sold Harbert methamphetamine for $1,000. Photocopies of the cash were admitted into evidence. Additionally, an audio tape of the transaction was played for the jury. Snelson corroborated Harbert's testimony that she gave him the methamphetamine that appellant had placed on the counter and that she had hidden in her bra. She also confirmed that appellant collected the cash from the counter.

The defense challenged the chain of custody of the methamphetamine. However, the State established the proper procedure for booking the evidence and the chain of custody from the time it was booked and sealed, mailed to a lab for testing, and returned to Harbert, who rebooked it into the property room. The defense also attempted to show that there was no evidence to establish that appellant gave the methamphetamine to Snelson. However, Snelson testified that appellant told her he was meeting Harbert to conduct a drug transaction and that after he placed the narcotics on the counter, she concealed it in her bra because they were at her place of employment. A constructive transfer occurs when a seller transfers a controlled substance, either belonging to him or

6

under his control, by some other person, at the direction of the seller. Thomas v. State, 832 S.W.2d 47, 50 (Tex.Cr.App. 1992). The State plead constructive transfer in the indictment; thus, evidence that appellant placed the methamphetamine on the counter and that Snelson hid it when she heard someone arrive at the shop, and then gave it to Harbert pursuant to appellant's direction establishes delivery by appellant. After a neutral review we agree with counsel's conclusion that the evidence is sufficient to support appellant's conviction.

By the second point presented in counsel's *Anders* brief, he suggests abuse of discretion as an arguable ground for two reasons. First, he raises the admission into evidence over objection of the audio tape of the drug transaction and then argues possible error in Harbert's testimony that he identified appellant from booking photographs in violation of a motion in limine. We first address the admission of the audio tape.

Rule 901(a) of the Texas Rules of Evidence provides that authentication or identification as a condition to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims. Rule 901(b) provides numerous methods of illustrating authentication or identification. Testimony by a witness with knowledge that a matter is what it is claimed to be is sufficient to authenticate a tape recording. Tex. R. Evid. 901(b)(1). Harbert testified that the tape offered into evidence was the original recording of the drug transaction, that it was made by a competent operator, that he listened to the tape and identified his voice and that of appellant's and

7

Snelson's. Harbert's testimony was sufficient to authenticate the audio tape of the drug transaction played for the jury. *See* Brooks v. State, 921 S.W.2d 875, 879-80 (Tex.App.–Houston [14th Dist.] 1996), *aff'd*, 957 S.W.2d 30 (Tex.Cr.App. 1997); Schneider v. State, 951 S.W.2d 856, 863 (Tex.App.–Texarkana 1997, pet. ref'd). We agree with counsel that the trial court did not abuse its discretion in admitting the audio tape.

While testifying, Harbert was asked by the State how he proceeded to identify appellant after the drug transaction occurred. Harbert responded, "I had previously looked up Amarillo Police Department reports and booking photographs –." Defense counsel objected on the ground that Harbert's testimony was in violation of a motion in limine, requested an instruction to disregard, and moved for mistral. The court sustained the objection, granted the request for an instruction to disregard, but denied the motion for mistrial. The jury was instructed to "disregard any comments from [Harbert] regarding the existence of previous police reports concerning the individual on trial."

An accused may not be tried for a collateral crime or for being a criminal generally. Coe v. State, 683 S.W.2d 431, 436 (Tex.Cr.App. 1984). A reference to an extraneous offense is usually cured by an instruction to the jury to disregard "unless it appears the evidence was so clearly calculated to inflame the minds of the jury or is of such damning character as to suggest it would be impossible to remove the harmful impression from the jury's mind[s]." Kemp v. State, 846 S.W.2d 289, 308 (Tex.Cr.App. 1992), *cert. denied*, 508 U.S. 918, 113 S.Ct. 2361, 124 L.Ed.2d 268 (1993). A trial court's denial of a mistrial may

8

be upheld if the instruction to disregard cured the erroneous admission of testimony by a State's witness regarding an extraneous offense. *Id.* The booking photographs referenced by Harbert were not offered into evidence and his comment was neither calculated to inflame the jury nor of such damning character as to suggest it would be impossible to remove the harmful impression from the jury's minds. Error, if any, was cured by the trial court's instruction to the jury to disregard Harbert's comment. We agree with counsel that the trial court did not abuse its discretion in denying appellant's motion for mistrial.

We have also made an independent examination of the entire record to determine whether there are any other arguable grounds which might support this appeal. *See* Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no nonfrivolous issues and agree with counsel that the appeal is without merit and is, therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State, 477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

Accordingly, counsel's motion to withdraw is hereby granted and the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.

9