NO. 07-02-0045-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL A



AUGUST 2, 2002



______________________________




GREGORY LYNN FRANKLIN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 47TH DISTRICT COURT OF POTTER COUNTY;



NO. 42,934-A; HONORABLE DAVID GLEASON, JUDGE



_______________________________



Before BOYD, C.J., and REAVIS and JOHNSON, JJ.

 Following a plea of not guilty, appellant Gregory Lynn Franklin was convicted by a
jury of delivery of a controlled substance and pursuant to a plea agreement on punishment,
a 25-year sentence was imposed. In presenting this appeal, counsel has filed an Anders (1) 
brief in support of a motion to withdraw. Based upon the rationale expressed herein, the
motion to withdraw is granted and the judgment is affirmed.

 In support of his motion to withdraw, counsel has certified that, in compliance with
Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), he has
diligently reviewed the record and, in his opinion, the record reflects no meritorious ground
on which an appeal can be predicated. Thus, he concludes the appeal is frivolous and
without merit. In compliance with High v. State, 573 S.W.2d 807, 813 (Tex.Cr.App. 1978),
counsel has candidly discussed why, under the controlling authorities, there is no error in
the court's judgment. Counsel has also shown that he sent a copy of the brief to appellant,
and informed appellant that, in counsel's view, the appeal is without merit. In addition,
counsel has demonstrated that he notified appellant of his right to review the record and
file a pro se brief. Appellant did not file a pro se brief and the State did not favor us with
a brief.

 On May 10, 2000, while working undercover, Agent Brett Harbert of the Panhandle
Regional Narcotics Task Force, arranged to meet with appellant to purchase
methamphetamine. After several phone calls, the two agreed to meet at Bristow Forklift
Shop and appellant told Harbert to bring $1,000. When Harbert arrived at the shop,
appellant was not there and per appellant's instructions, he met with an employee named
Vicki Snelson. Harbert was wearing a wireless microphone and became concerned about
the battery power when appellant had not yet arrived. Harbert made an excuse to Snelson
to leave to check on his microphone. While he was gone, appellant arrived at the shop
and placed the methamphetamine on the counter. Upon hearing someone arrive, Snelson
picked up the methamphetamine and concealed it in her bra. Harbert had returned and
placed $1,000 cash on the counter. Without speaking, appellant motioned to Harbert that
Snelson had the methamphetamine. She retrieved the narcotics from her undergarment
and gave it to Harbert. Appellant was arrested at a later date.

 Counsel presents two arguable points of error on appeal. By his first point, he
challenges the sufficiency of the evidence to support appellant's conviction, and by point
two raises abuse of discretion by the trial court (1) in admitting an audio tape of the
transaction, and (2) in not granting a mistrial when Harbert testified that he identified
appellant from booking photographs. However, after a discussion of the evidence and the
legal authorities, counsel candidly concedes no reversible error is presented. We first
address the sufficiency of the evidence. When both the legal and factual sufficiency of the
evidence are challenged, we must first determine whether the evidence is legally sufficient
to support the verdict. Clewis v. State, 922 S.W.2d 126, 133 (Tex.Cr.App. 1996). It is a
fundamental rule of criminal law that one cannot be convicted of a crime unless it is shown
beyond a reasonable doubt that the defendant committed each element of the alleged
offense. U.S. Const. amend. XIV; Tex. Code Crim. Proc. Ann. art. 38.03 (Vernon Supp.
2002); Tex. Pen. Code Ann. § 2.01 (Vernon 1994). In conducting a legal sufficiency
review, we must determine whether, after viewing the evidence in the light most favorable
to the prosecution, any rational trier of fact could have found the essential elements of the
crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 318, 99 S.Ct. 2781,
2789, 61 L.Ed.2d 560, 573 (1979); Geesa v. State, 820 S.W.2d 154, 157 (Tex.Cr.App.
1991), overruled on other grounds, Paulson v. State, 28 S.W.3d 570, 573 (Tex.Cr.App.
2000). As an appellate court, we may not sit as a thirteenth juror, but must uphold the
verdict unless it is irrational or unsupported by more than a mere modicum of evidence. 
Moreno v. State, 755 S.W.2d 866, 867 (Tex.Cr.App. 1988).

 After conducting a legal sufficiency review under Jackson, we may proceed with a
factual sufficiency review. Clewis, 922 S.W.2d at 133. The Court of Criminal Appeals has
directed us to ask whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to undermine
confidence in the fact finder's determination, or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof. Johnson v. State, 23 S.W.3d 1, 11
(Tex.Cr.App. 2000) (adopting complete civil factual sufficiency formulation); see also King
v. State, 29 S.W.3d 556, 563 (Tex.Cr.App. 2000). Accordingly, we will reverse the fact
finder's determination only if a manifest injustice has occurred. Johnson, 23 S.W.3d at 12. 
In conducting this analysis, we may disagree with the fact finder's determination, even if
probative evidence supports the verdict, but must avoid substituting our judgment for that
of the fact finder. See Santellan v. State, 939 S.W.2d 155, 164 (Tex.Cr.App. 1997).

 Before determining whether the evidence is legally sufficient to sustain the
conviction, we must review the essential elements the State was required to prove. 
Appellant was indicted for delivery of methamphetamine to Brett Harbert in an amount of
four grams or more but less than 200 grams. Tex. Health & Safety Code Ann. §
481.112(a) & (d) (Vernon Supp. 2002). There are three ways to deliver a controlled
substance, to-wit: (1) actual transfer, (2) constructive transfer, and (3) an offer to sell. §
481.002(8). The State plead all three forms of delivery in the indictment and the jury was
charged with all three forms. Thus, proof of any form of delivery is sufficient to support
appellant's conviction. See Moore v. State, 983 S.W.2d 15, 21 (Tex.App.-Houston [14th
Dist.] 1998, no pet.).

 Agent Harbert testified that he arranged a drug transaction with appellant to
purchase methamphetamine for $1,000. Snelson, a co-defendant, waived her Fifth
Amendment rights and after being admonished by the trial court, testified that she gave a
package of methamphetamine to Harbert that appellant had placed on the counter and that
she had hidden in her bra because they were at her place of employment. A forensic
chemist established that the substance purchased by Harbert from appellant was 27.5
grams of methamphetamine. We conclude that after viewing the evidence in the light most
favorable to the prosecution, any rational trier of fact could have found the essential
elements of delivery of a controlled substance beyond a reasonable doubt. 

 Having concluded that the evidence is legally sufficient to support the verdict, we
must now determine, after a neutral review of all the evidence, whether it is factually
sufficient to support the verdict. Johnson, 23 S.W.3d at 11. It is the exclusive province
of the fact finder to determine the credibility of the witnesses and the weight to be given
their testimony. Johnson v. State, 571 S.W.2d 170, 173 (Tex.Cr.App. 1978); Armstrong
v. State, 958 S.W.2d 278, 284 (Tex.App.-Amarillo 1997, pet. denied).

 The State established that appellant sold Harbert methamphetamine for $1,000.
Photocopies of the cash were admitted into evidence. Additionally, an audio tape of the
transaction was played for the jury. Snelson corroborated Harbert's testimony that she
gave him the methamphetamine that appellant had placed on the counter and that she had
hidden in her bra. She also confirmed that appellant collected the cash from the counter. 

 The defense challenged the chain of custody of the methamphetamine. However, 
the State established the proper procedure for booking the evidence and the chain of
custody from the time it was booked and sealed, mailed to a lab for testing, and returned
to Harbert, who rebooked it into the property room. The defense also attempted to show
that there was no evidence to establish that appellant gave the methamphetamine to
Snelson. However, Snelson testified that appellant told her he was meeting Harbert to
conduct a drug transaction and that after he placed the narcotics on the counter, she
concealed it in her bra because they were at her place of employment. A constructive
transfer occurs when a seller transfers a controlled substance, either belonging to him or
under his control, by some other person, at the direction of the seller. Thomas v. State,
832 S.W.2d 47, 50 (Tex.Cr.App. 1992). The State plead constructive transfer in the
indictment; thus, evidence that appellant placed the methamphetamine on the counter and
that Snelson hid it when she heard someone arrive at the shop, and then gave it to Harbert
pursuant to appellant's direction establishes delivery by appellant. After a neutral review
we agree with counsel's conclusion that the evidence is sufficient to support appellant's
conviction.

 By the second point presented in counsel's Anders brief, he suggests abuse of
discretion as an arguable ground for two reasons. First, he raises the admission into
evidence over objection of the audio tape of the drug transaction and then argues possible
error in Harbert's testimony that he identified appellant from booking photographs in
violation of a motion in limine. We first address the admission of the audio tape. 

 Rule 901(a) of the Texas Rules of Evidence provides that authentication or
identification as a condition to admissibility is satisfied by evidence sufficient to support
a finding that the matter in question is what its proponent claims. Rule 901(b) provides
numerous methods of illustrating authentication or identification. Testimony by a witness
with knowledge that a matter is what it is claimed to be is sufficient to authenticate a tape
recording. Tex. R. Evid. 901(b)(1). Harbert testified that the tape offered into evidence
was the original recording of the drug transaction, that it was made by a competent
operator, that he listened to the tape and identified his voice and that of appellant's and
Snelson's. Harbert's testimony was sufficient to authenticate the audio tape of the drug
transaction played for the jury. See Brooks v. State, 921 S.W.2d 875, 879-80
(Tex.App.-Houston [14th Dist.] 1996), aff'd, 957 S.W.2d 30 (Tex.Cr.App. 1997); Schneider
v. State, 951 S.W.2d 856, 863 (Tex.App.-Texarkana 1997, pet. ref'd). We agree with
counsel that the trial court did not abuse its discretion in admitting the audio tape.

 While testifying, Harbert was asked by the State how he proceeded to identify
appellant after the drug transaction occurred. Harbert responded, "I had previously looked
up Amarillo Police Department reports and booking photographs -." Defense counsel
objected on the ground that Harbert's testimony was in violation of a motion in limine,
requested an instruction to disregard, and moved for mistral. The court sustained the
objection, granted the request for an instruction to disregard, but denied the motion for
mistrial. The jury was instructed to "disregard any comments from [Harbert] regarding the
existence of previous police reports concerning the individual on trial."

 An accused may not be tried for a collateral crime or for being a criminal generally. 
Coe v. State, 683 S.W.2d 431, 436 (Tex.Cr.App. 1984). A reference to an extraneous
offense is usually cured by an instruction to the jury to disregard "unless it appears the
evidence was so clearly calculated to inflame the minds of the jury or is of such damning
character as to suggest it would be impossible to remove the harmful impression from the
jury's mind[s]." Kemp v. State, 846 S.W.2d 289, 308 (Tex.Cr.App. 1992), cert. denied, 508
U.S. 918, 113 S.Ct. 2361, 124 L.Ed.2d 268 (1993). A trial court's denial of a mistrial may
be upheld if the instruction to disregard cured the erroneous admission of testimony by a
State's witness regarding an extraneous offense. Id. The booking photographs referenced
by Harbert were not offered into evidence and his comment was neither calculated to
inflame the jury nor of such damning character as to suggest it would be impossible to
remove the harmful impression from the jury's minds. Error, if any, was cured by the trial
court's instruction to the jury to disregard Harbert's comment. We agree with counsel that
the trial court did not abuse its discretion in denying appellant's motion for mistrial.

 We have also made an independent examination of the entire record to determine
whether there are any other arguable grounds which might support this appeal. See
Penson v. Ohio, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We have found no
nonfrivolous issues and agree with counsel that the appeal is without merit and is,
therefore, frivolous. Currie v. State, 516 S.W.2d 684 (Tex.Cr.App. 1974); Lacy v. State,
477 S.W.2d 577, 578 (Tex.Cr.App. 1972).

 Accordingly, counsel's motion to withdraw is hereby granted and the judgment of
the trial court is affirmed.

 Don H. Reavis

 Justice

Do not publish.
1. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



ze:12.0pt;
 font-family:"Arial","sans-serif";
 mso-bidi-font-family:"Times New Roman";}








NO. 07-08-0198-CR,
07-08-0199-CR

 

IN THE COURT OF
APPEALS

 

FOR THE SEVENTH
DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL D

            

JANUARY 31, 2010

______________________________

 

RICHARD RANDALL DRAKE, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

_________________________________

 

FROM THE 223RD
DISTRICT COURT OF GRAY COUNTY;

 

NO. 7329; HONORABLE
LEE WATERS, JUDGE

_______________________________

 

 

Before
QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

MEMORANDUM OPINION

            By separate indictments, appellant
Richard Randall Drake was charged with aggravated sexual assault[1]
and indecency with a child.[2] 
A jury convicted him of both offenses and sentenced him to terms of
imprisonment of thirty years and ten years respectively.  The court imposed concurrent sentencing.  Through three issues, appellant appeals his
convictions.  We will affirm.

Background

            The State alleged appellant engaged
in the charged conduct with S.S., the ten-year-old daughter of his cousin.  The actionable events occurred while appellant
baby-sat S.S. and her younger brother, or on an occasion that S.S., and her
female friends J.M. and S.M., spent the night with appellant at his television
repair shop.  

            Evidence at trial included a
statement appellant gave police through which he admitted having oral sex with
S.S. and exposing himself to her.  At
trial, he recanted the statement on the ground it was false, the product of his
desire to protect S.S.  J.M. testified
she played with S.S. at her house and appellant was usually there.  Once, after S.S. showered, J.M. observed
appellant remove the towel covering S.S. and begin licking [S.S.] between her
legs.  She also testified appellant
masturbated as he watched though a hole in the bathroom wall as the girls
bathed.  S.M. testified she saw S.S.
urinate in appellants mouth during the overnight stay at appellants
shop.  S.S. testified to an act of oral
sex, apparently the one described by J.M., and to urination in appellants
mouth.  However, she could not recall if
appellant showed her his private part. 

            After hearing the evidence, the jury
returned a verdict convicting appellant of the charged offenses.  Appellant timely appealed.

 

Discussion

            In his first issue, appellant
complains the trial court erred by overruling his hearsay objection to the
States question of what S.S. told a professional about appellants conduct. 

            During its case-in-chief, the State
presented a forensic interviewer with a childrens advocacy center who
interviewed S.S.  The following exchange
occurred during this testimony:

Q. [by the
prosecutor]:                     Now,
during the interview, what did [S.S.] tell you about what happened to her?

 

[appellants
counsel]:                      Objection;
that calls for hearsay.

 

Q. [prosecutor]:                                 Your Honor, we
would ask that the Court recognize an exception to the hearsay rule under
803(4).

 

The Court:                                         Overruled.  Go ahead.

 

            The witness then explained how S.S.
described appellants exposure of his genitals. 
Without further objection, the State next questioned the witness about
other events S.S. recounted during the interview.  Through this testimony, the witness stated
that according to S.S., appellant refused S.S. and her friends food unless they
allowed him to lick their genitalia.  

            On cross-examination, the witness
acknowledged she did not provide medical treatment for S.S. nor did she make a
medical diagnosis.  Appellant then moved
for an instruction requiring the jury to disregard the testimony of the witness
from the point the State urged admission according to Rule 803(4).  The court took up the matter at a hearing
outside the presence of the jury and after hearing the arguments of counsel
denied appellants request but granted a running objection.

            Addressing appellants issue
requires division of the challenged testimony into two blocks.  The first is the colloquy quoted above and
the second the ensuing direct examination testimony which was admitted without
objection.  

            We turn first to the second block of
testimony.  Appellant did not lodge an
objection to this testimony and even now on appeal does not particularize the
questions he believes sought responses transgressing the rule against
hearsay.  

Under Texas law, if, on appeal, a defendant claims the
trial judge erred in admitting evidence offered by the State, this error must
have been preserved by a proper objection and a ruling on that objection.  A proper objection is one that is specific
and timely.  Further, with two
exceptions, the law in Texas requires a party to continue to object each time
inadmissible evidence is offered.  The
two exceptions require counsel to either (1) obtain a running objection, or (2)
request a hearing outside the presence of the jury. 

 

Martinez v. State, 98 S.W.3d 189, 193
(Tex.Crim.App. 2003).

 

            Concerning the questions following
the courts ruling on appellants hearsay objection and spanning the remainder
of the direct examination of the forensic interviewer, appellant did not
continue objecting, did not obtain a running objection, and did not request a
hearing outside the presence of the jury. 
As for this block of testimony, therefore, nothing is preserved for our
review.  See Tex. R. App. P.
33.1(a).  We note, however, that admission
of the testimony was not harmful.  It did
no more than reiterate facts admitted elsewhere and even included testimony
supportive of the defense.[3]    


            We now consider the courts ruling
on appellants hearsay objection, quoted above. 
The State urges the ruling was proper because the testimony came within
the hearsay exception of Rule of Evidence 803(4) or was a prior consistent
statement, admitted as non-hearsay under Rule 801(e)(1)(B).  Tex. R. Evid. 801(e)(1)(B) & 803(4).

            The standard of review for admission
or exclusion of evidence is abuse of discretion.  Erdman v. State, 861 S.W.2d 890, 893
(Tex.Crim.App. 1993).  A trial court does
not abuse its discretion unless it has acted arbitrarily and unreasonably,
without reference to any guiding rules and principles.  Breeding v. State, 809 S.W.2d 661, 663
(Tex.App.Amarillo 1991, pet. refused). 
As long as the trial courts ruling was within the zone of reasonable
disagreement, there is no abuse of discretion and the trial court's ruling
will be upheld.  See Rachal v. State, 917
S.W.2d 799, 807 (Tex.Crim.App. 1996).  

            Moreover, to constitute reversible
error, the improper admission of the forensic interviewers statement that S.S.
told her appellant exposed himself must have been harmful to appellant.  Tex. R. App. P. 44.2(b); see Johnson v.
State, 967 S.W.2d 410, 417 (Tex.Crim.App. 1998) (applying
non-constitutional harm analysis). Non-constitutional error must be
disregarded unless it affected the substantial rights of the accused.  Tex. R. App. 44.2(b).  The substantial rights of an accused are
affected when the error had a substantial and injurious effect or influence in
determining the jurys verdict. King v. State, 953 S.W.2d 266, 271
(Tex.Crim.App. 1997). Any error in admitting evidence is cured if the same
evidence is admitted elsewhere without objection.Valle v. State, 109
S.W.3d 500, 509 (Tex.Crim.App. 2003). See also Anderson v. State, 717
S.W.2d 622, 627 (Tex.Crim.App. 1986) (If the fact to which the hearsay relates
is sufficiently proved by other competent and unobjected to evidence, . . . the
admission of the hearsay is properly deemed harmless and does not constitute
reversible error).  This rule applies
whether the other evidence was introduced by the defendant or the State and whether
the evidence was received before or after the challenged ruling.  Leday v. State, 983 S.W.2d 713, 718
(Tex.Crim.App. 1998).  

            Assuming, without deciding, that it
was inadmissible hearsay, we find the substance of the complained-of testimony
of the forensic interviewer was admitted elsewhere without limitation or an
objection preserved on appeal.  J.M.
testified that appellant masturbated while watching through a hole in the
bathroom wall as she and S.S. bathed. 
The jury had before it appellants hand-written statement in which he
recalled, I masturbated in front of [S.S.] several times satisfing (sic) her
curiosity.  Also in evidence was
appellants electronically recorded statement in which he stated S.S. had seen
him totally naked.[4]  
On cross-examination, a psychologist called by the State testified that
S.S. told him appellant had shown his privates to her.  The error, if any, of the trial court in
admitting the statement of the forensic interviewer did not affect a
substantial right of appellant and must be disregarded.  We overrule appellants first issue.

            By his second issue,
appellant contends the trial court erred by allowing a psychologist to express
an implied opinion S.S. was truthful in her report of sexual abuse.  On direct examination by the State, the
psychologist testified he was not surprised that S.S. was vague in her
description to him of what happened. 
When asked why, he provided the following explanation, the admission of
which is the subject of appellants issue:

Victims tend to minimize. 
That is, theythey tend not to want to talk about things that have
happened.  They tend not tothey tend to
rationalize what happens.  They tend to
make it okay in their mind so theyre not at fault and so they dont feel bad
about it, so they dont feel guilty, so they dont look like they had a part to
do with it.  They tend to deny some
things on occasion after they once have admitted them, admitted acts.

 

            Expert testimony is admissible only
if it assists the trier of fact to understand the evidence or determine a fact
in issue.  Tex. R. Evid. 702; Duckett
v. State, 797 S.W.2d 906, 914 (Tex.Crim.App. 1990), overruled on other
grounds, Cohn v. State, 849 S.W.2d 817, 819 (Tex.Crim.App. 1993).  Expert testimony assists the trier of fact when
the jury is not qualified to determine the particular issue intelligently and
to the best possible degree. Duckett, 797 S.W.2d at 914.  Expert testimony that identifies certain
physical or behavioral manifestations of sexual abuse and relates these characteristics
to the complainant is admissible even if the complainant has not been
impeached.  Yount v. State, 872
S.W.2d 706, 708-09 (Tex.Crim.App. 1993); Cohn, 849 S.W.2d at
818-19.  On the other hand, [e]xpert
testimony does not assist the jury if it constitutes a direct opinion on the
truthfulness of a child complainants allegations.  Schutz v. State, 957 S.W.2d 52, 59
(Tex.Crim.App. 1997) (quoting Yount, 872 S.W.2d at 708).  Testimony of this nature crosses the line
by deciding the issue for the jury rather than assisting its understanding of
the evidence or determination of a fact in issue.  See Yount, 872 S.W.2d at 709; Duckett,
797 S.W.2d at 914-15.[5] Parson v. State, illustrates
this distinction.  193 S.W.3d 116
(Tex.App.Texarkana 2006, pet. refused). 
There, a licensed professional counselor opined that the trial testimony
of the defendants wife and stepson differed from their earlier statements and
testimony because they suffered battered womans syndrome. Id.
at 126.  The counselor opined
of the effect of this condition on the truthfulness of those so diagnosed but
she rendered no direct opinion of the truthfulness of the witnesses.  Id. 
The court of appeals found no error in allowing the testimony.  Id. 


            We find the psychologist here, in
the complained-of portion of his testimony, did no more than express his expert
opinion concerning the coping means employed by victims of sexual assault.  On direct examination, he offered no opinion
that S.S. was truthful in recounting the events of which she complained.  His testimony in that regard may be compared
with that of the forensic interviewer in Fuller v. State, who was asked
directly whether she had formed an opinion whether the child she interviewed
was being truthful with you.  224
S.W.3d 823, 835 (Tex.App.Texarkana 2007, no pet.).  In the present case, the psychologists
testimony, if believed, would assist the jurys evaluation of the testimony of
S.S.  See Duckett, 797 S.W.2d at
914 (expert testimony must aid and not supplant the jury).  We find no abuse of discretion by the trial
court in admitting the statement of the psychologist of which appellant
complains.[6]  Appellants second issue is overruled. 

            In his third issue, appellant
complains the State injected evidence of improper character conformity, that is
pedophilia with attraction to children of both genders.  The complaint arises from the following
exchange during the cross-examination of appellant:

Q. [by the
prosecutor]:                     You
[appellant] enjoyed playing with those little girls in the swimming pool,
didnt you?

 

A. [appellant]:                                    Yes, and
theand the young boys.

 

Q.                                                        Oh,
you like boys, too?

 

A.                                                        Yes.

 

Q.                                                        So
you also

 

[appellants
counsel]:                      Object to
the sidebar remark.

 

[prosecutor]:                                      I was
merely clarifying, Your Honor, his statement.

 

[appellants
counsel]:                      It was
intended as a sidebar.

 

[prosecutor]:                                      No, Your
Honor.

 

The Court:                                         Overruled.

 

            The State argues the claimed error
was not preserved as the prosecutors question, Oh, you like boys, too? was
not an improper side bar remark.  Side
bar remarks are remarks of counsel that are neither questions to the witness
nor comments addressed to the court.  Brokenberry
v. State, 853 S.W.2d 145, 152 (Tex.App.Houston [14th Dist.] 1993, pet.
refused).  We necessarily view the
complained-of question in the context afforded by the record.  The words of the prosecutor apparently were
perceived by the witness as the States next question, which he answered.  The side bar objection followed the response
as the prosecutor began another question.

            But assuming, arguendo,
appellant preserved the issue he presents on appeal, we nevertheless find it
without merit.  On appeal, appellant
characterizes his answer Yes, and the  and the young boys as
innocent.  He asserts the States next
question obviously and improperly implied that his response was an admission of
a sexual interest in all children, boys and girls.  The appellate record, on which we must base
our judgments and which here records merely the words said, does not permit us
to engage in the kind of characterizations necessary to the conclusions
appellant asserts.  How appellants
volunteered reference to young boys and the prosecutors next question are to
be interpreted depends much on demeanor and inflection of voice.  Consideration of these and other physical
factors falls naturally within the sound discretion of the trial court as it
controls the conduct of trial.  The
permissible scope of cross-examination is wide-ranging, extending to any matter
relevant to the issues.  Woodall v.
State, 216 S.W.3d 530, 536-537 (Tex.App.Texarkana 2007).  The conduct of cross-examination is committed
to the sound discretion of the trial court. 
Sterns v. State, 862 S.W.2d 687, 690 (Tex.App.Tyler 1993, no
pet.).  From the record before us we
perceive no abuse of discretion in the trial courts overruling of appellants
objection.  We overrule appellants third
issue.

Conclusion

            Having overruled appellants three
issues, we affirm the judgment of the trial court.

 

                                                                                                James
T. Campbell

                                                                                                          Justice

 

 

Do
not publish.  











[1] 
Tex.
Penal Code Ann. § 22.021 (Vernon Supp. 2009).





[2] 
Tex.
Penal Code Ann. § 21.11 (Vernon 2003).





[3] According to the witness, during the interview S.S.
denied that anyone touched or contacted her private places.





            [4] At trial, appellant
objected to the admission of his written and recorded statements on the ground
they were the product of coercion.  The
objections were overruled and of these rulings appellant does not complain on
appeal.





            [5] This dichotomy was
succinctly noted in Rodriquez v. State, 741 P.2d 1200, 1204 (Ak.Ct.App.
1987) (quoted in Duckett v. State, 797 S.W.2d 906, 915 (Tex.Crim.App.
1990)):

 

It appears to us that there is a significant
distinction between presenting a witness, such as a polygraph operator, to
testify that a person is telling the truth, and presenting a witness who can
state that the behavior of a witness falls within a common pattern.

*
* * * *

Testimony by an expert witness that purports
to establish by scientific principles that another witness is telling the truth
treads on dangerous legal ground.  On the
other hand, testimony by an expert witness which provides useful background
information to aid the jury in evaluating the testimony of another witness is
admissible.










            [6] Moreover, direct
inquiry concerning S.S.s truthfulness came during cross-examination of the
psychologist.  Counsel for appellant inquired
whether factors or indicia were available to detect lying; whether the
psychologist could determine the truthfulness and honesty of S.S.; whether it
was possible S.S. was not telling the truth. 
The court sustained the States objection when appellant inquired what
was necessary for the psychologist to determine if S.S. fabricated some or all
her story.