Dallas **SALMON** et al, Appellants,

v.

Joe L. **LAMB,** Mayor of the City of League City, Appellee.

No. 17953.

Court of Civil Appeals of Texas, Houston (1st Dist.).

March 26, 1981.

Butler, Binion, Rice, Cook & Knapp, Jonathan Day, Houston, for appellants.

Firmin A. Hickey, Jr., Houston, for appellee.

Before DOYLE, EVANS and WARREN, JJ.

WARREN, Justice.

This is an appeal from a summary judgment granted in an election contest.

Pursuant to an ordinance adopted by the City Council of League City, a special election was called for August 9, 1980, the second Saturday in August, at which time four proposed charter amendments were to be submitted to the voters. For several days prior to that date, Hurricane Allen was raging in the Gulf of Mexico and threatening to come ashore at some location on the upper coast of Texas, in the vicinity of League City. On August 8, the acting Governor of the State of Texas, pursuant to Section 5(d) of the Texas Disaster Act, art. 6889-7, V.A.C.S., certified Galveston County as a disaster district. An addendum to the proclamation delegated authority to the Secretary of State to provide for postponement of elections scheduled for August 9 in those counties named as disaster districts. Acting pursuant to this authority, the Secretary of State issued a proclamation authorizing the governing bodies of all political subdivisions in areas designated as disaster districts, including Galveston County, by action taken prior to the opening of the polls, to postpone any election scheduled for August 9, to a date certain not later than 14 days after the original election date and providing that notice of the new election was to be given by publishing such notice in a local newspaper not less than 3 days before the new election date. Instead of calling an emergency meeting of the city council, the mayor discussed the postponement of the election with each member by telephone and then ordered the election postponed.

On August 10, an emergency session of the city council was called during which the council ordered the postponed election to be held on August 16. Notice of the election was published in a local newspaper three days before the new election date.

Appellants claim that the election held on August 16 was void because: (1) the election was held on a date other than one of the four dates prescribed by art 2.01b, V.A.C.S., Texas Election Code, (2) neither the Governor or Secretary of State had the power to suspend mandatory provisions of the Texas Election Code, and (3) appellee failed to follow the guidelines promulgated by the Secretary of State in that no emergency meeting of the city council was held to determine whether the election should be postponed.

■ We agree with appellants' contention that the rescheduling of the election to August 16 was in conflict with the mandatory provision of art. 2.01b(a). This statute provides:

Except as provided in Subsections (b) and (e) of this section, every general (regular) or special election held by the state or by any county, city, school district, water district, or any other political subdivision or agency of this state *must be held on one of the following dates*: the third Saturday in January, the first Saturday in April, the second Saturday in August, or the first Tuesday after the first Monday in November. (emphasis added)

Subsections (b) and (e) of art. 2.01b(a) provide for elections to fill a vacancy in office and with special elections governed by pre-existing law; they have no bearing on our issues.

The pertinent part of art. 2.01b(a) is clear; the legislature has designated mandatory dates on which special elections of the type in issue must be held. A special election held on any other date (other than the exceptions specified in Subsection (b) and (e)) is void.

Appellants next contend that neither the Governor nor the Secretary of State had the power to postpone the August 9 election and, in the alternative, that there was no right vested in the Governor to delegate his authority, if any, to postpone an election, to the Secretary of State.

■ Courts are to interpret language used in statutes in a manner to make all relevant laws harmonious, if possible, and in a manner consistent with public policy of the state, as well as in light of the evil sought to be remedied. *State v. Standard Oil Co.*, 130 Tex. 313, 107 S.W.2d 550 (1937).

■ There is little room for argument that the public interest requires that someone in government needs the authority to act in case of an imminent threat which may affect the safety of the lives and property of the populace. Art. 6889–7, V.A.C.S. Disaster Act of 1975 was passed by the legislature to empower the Governor to meet these dangers. It empowers the Governor to issue executive orders and proclamations and permits him to establish a council to assist him. He may declare that a disaster emergency exists or that one is imminent and upon so declaring, he is granted many powers and remedies not otherwise available to him. Among these powers are the right to utilize all available resources of the state government or a political subdivision to control ingress or egress from a designated area and to commandeer or utilize any private property if he finds this necessary to cope with the disaster emergency. This does not constitute an illegal delegation of legislative au-

thority. The exercise of these powers, combined with the certain distraction of an impending or present disaster, would have a significant adverse impact on the holding of a free election.

We hold that art. 6889–7, Sec. 5(g)(1), V.A.C.S., Disaster Act of 1975, empowers the governor to postpone a special election, but only to the next date prescribed by art. 2.01b(a), V.A.C.S., Election Code. The addendum to the acting Governor's proclamation only authorized the Secretary of State "to provide for postponement of all election scheduled for Saturday, August 9, 1980, in the counties constituting the Disaster Districts..." The Secretary of State was not empowered to postpone any election, nor did he. This power was vested in the governing bodies of the political subdivisions, which were also vested with authority to call for the elections.

The remaining points raised by appellant are immaterial in view of our holding that the election held on August 16, 1980 was void.

The judgment is reversed and rendered.