

# KEN PAXTON

ATTORNEY GENERAL OF TEXAS

April 23, 2018

The Honorable Greg Abbott
Governor of Texas
Post Office Box 12428
Austin, Texas 78711-2428

Opinion No. KP-0191

Re: Whether the emergency powers under section 418.016 of the Government Code authorize the Governor to suspend relevant state election laws and order an emergency special election (RQ-0223-KP)

Dear Governor Abbott:

You request an opinion regarding whether the Governor's emergency powers authorize you to suspend relevant state election laws and call an expedited special election to fill the vacancy in Congressional District 27, which occurred due to former-Representative Blake Farenthold's recent resignation.[1] Under Texas law, an "unexpired term in the office of United States representative may be filled only by a special election." TEX. ELEC. CODE § 204.021. Representative Farenthold was elected for the 2017–2018 term, but you tell us he notified you of his resignation on April 8, 2018, leaving a vacancy in that office either until filled by special election or until the new term begins in January 2019. Request Letter at 1. Important to your request, all counties within Congressional District 27 remain under a disaster declaration as they continue to recover from Hurricane Harvey. While you desire "to call a special election as soon as is legally possible" to ensure federal representation for the constituents of that district, multiple state and federal laws restrict the timing of a special election to fill a vacancy for that office. *Id.* at 1.

## I.     State and Federal Laws Addressing the Timing of a Special Election for Congressional District 27

The Election Code generally provides that "a special election shall be held on the first uniform election date occurring on or after the 36th day after the date the election is ordered." TEX. ELEC. CODE § 203.004(a); *see also id.* §§ 204.021 (explaining that the procedures for a special election to fill a vacancy for a United States representative are the same "as provided by Chapter 203 for the legislature"), 201.052 (establishing the general date of election for a special election to fill a vacancy as the first authorized uniform election date). Under this provision, the first uniform election date available for the special election is November 6, 2018. *See id.* § 41.001(a)(3) (listing

---

[1]*See* Letter from Honorable Greg Abbott, Governor of Tex., to Honorable Ken Paxton, Tex. Att'y Gen. at 1– 2 (Apr. 19, 2018), https://texasattorneygeneral.gov/opinion/requests-for-opinion-rqs ("Request Letter").

the uniform election dates for general or special elections, which includes "the first Tuesday after the first Monday in November").

Recognizing some special elections may need to occur before the next uniform election date, the Legislature authorized the Governor to call a special election earlier in certain circumstances. *Id.* § 41.0011(a). When the Governor "determines that an emergency warrants holding a special election before the appropriate uniform election date, the election may be held on an earlier nonuniform date."[2] *Id.* Section 203.004 provides that an emergency election to fill a vacancy "shall be held on a Tuesday or Saturday occurring on or after the 36th day and before the 50th day after the date the election is ordered." *Id.* § 203.004(b). Read in isolation, this provision suggests that the Governor could call a special election as early as Tuesday, May 29, 2018, thirty-six days from today; however, other laws prevent the Governor from calling an election so early.

The date for a special election must also account for the statutorily-required filing period for candidates to apply for a place on the ballot. Section 201.054 of the Election Code authorizes two separate candidate filing periods, the first for an election ordered at least 70 days in advance, and the second for an election ordered at least 46 days in advance:

> [A] candidate's application for a place on a special election ballot must be filed not later than:
>
> (1) 5 p.m. of the 62nd day before election day, if election day is on or after the 70th day after the date the election is ordered; or
>
> (2) 5 p.m. of the 40th day before election day, if election day is on or after the 46th day and before the 70th day after the date the election is ordered.

*Id.* § 201.054(a). Thus, this section prevents the Governor from calling a special election earlier than 46 days from the day the election is called.

Furthermore, the special election date must comply with federal election law, including the Uniformed and Overseas Citizens Absentee Voting Act ("Act"). *See generally* 52 U.S.C. § 20301–20311. That Act, "aimed at ending the widespread disenfranchisement of military voters stationed overseas," requires states to adopt certain measures when administering federal elections to accommodate military voters and other citizens residing overseas. *United States v. Alabama*, 778 F.3d 926, 928 (11th Cir. 2015). Relevant to your question, states must generally "transmit a validly requested absentee ballot to an absent uniformed services voter or overseas voter" at least 45 days before an election for federal office.[3] 52 U.S.C. § 20302(a)(8)(A); *see also* TEX. ELEC. CODE

---

[2]"The proclamation or order for an emergency election under this section must include a statement identifying the nature of the emergency." TEX. ELEC. CODE § 41.0011(c).

[3]A hardship exemption exists to waive this 45-day requirement in certain circumstances, but none of those circumstances appear to apply here. *See* 52 U.S.C. § 20302(g)(2)(B). Even if the exemption were available, a state

§ 114.007(a) (requiring that ballots be mailed to certain United States citizens dwelling outside the United States "as provided by" the Act). Before a state can transmit the absentee ballots, it must print them. And before it can print them, it must know which candidates to include on the ballots, meaning it could not print ballots until after the end of the filing period. Considering the statutorily-required filing period discussed above alongside the Act, if an election were called today, the Governor could not set a date for that election before Tuesday, July 3, 2018, at the earliest.[4] That date does not fall between the 36th and 50th day window required under section 203.004(b) to call a special election to fill a vacancy in Congress. *See* TEX. ELEC. CODE § 203.004(b). Thus, when read together, these federal and state election laws pose significant obstacles to holding an expeditious emergency election to fill the current vacancy in Congressional District 27.[5]

## II. The Governor's Emergency Authority to Suspend Certain State Laws to Manage a Disaster

Given these significant legal restrictions on the dates for calling a special election, you ask whether you may utilize your emergency authority "to suspend relevant state election laws and order an emergency special election." Request Letter at 2. As Governor, you possess "extremely broad powers to declare disaster emergencies and to deal with them." Tex. Att'y Gen. Op. No. MW-140 (1980) at 1. Pursuant to this authority, you issued a disaster proclamation in August of last year for the counties impacted by Hurricane Harvey.[6] Recognizing that "due to the catastrophic damage caused by Hurricane Harvey, a state of disaster continues to exist in those

---

must request the waiver "not later than 90 days before the election for Federal office," making the waiver impractical in this situation. *Id.* § 20302(g)(3)(A).

[4]A special election on this date would provide 17 days for the printing and mailing of absentee ballots between the end of the candidate filing period and the time at which absentee ballots must be mailed, 45 days before the election. We have no information to determine whether 17 days provides sufficient time to perform these functions, and the authorities performing those functions are in the best position to advise on the actual time required.

[5]As you also note, at whichever date the initial special election is called to fill this vacancy, it may not result in immediate representation for the district. *See* Request Letter at 1. "To be elected in a special election for an unexpired term, a candidate must receive a majority of the total number of votes received by all candidates for the unexpired term." TEX. ELEC. CODE § 203.003. Thus, depending on the number of candidates, a runoff election could be necessary to fill the office.

[6]On August 23, 2017, you issued a disaster proclamation for 30 counties in anticipation of the storm damage from Tropical Depression Harvey. *See* https://gov.texas.gov/news/post/Disaster-Proclamation-Issued-For-30-Texas-Counties-in-Anticipation-Of-Tropical-Depression-Harvey-Making-Landfall. On August 27, 2017, you added other counties to that proclamation. *See* https://gov.texas.gov/news/post/governor-abbott-adds-additional-counties-for-hurricane-harvey-disaster-decl; *see also* TEX. GOV'T CODE § 418.014(a) (authorizing the Governor to declare a disaster).

same counties," your disaster declaration remains and continues to cover those counties.[7] That disaster declaration embraces each of the counties located in Congressional District 27.[8]

In managing a disaster, you possess express authority to "suspend the provisions of any regulatory statute prescribing the procedures for conduct of state business or the orders or rules of a state agency if strict compliance with the provisions, orders, or rules would in any way prevent, hinder, or delay necessary action in coping with a disaster." TEX. GOV'T CODE § 418.016(a). The state statutes discussed above prescribe deadlines and timing requirements for calling a special election and are therefore regulatory statutes that prescribe "the procedures for conduct of state business." *Id.* To the extent that the procedures in those portions of the Election Code "prevent, hinder, or delay necessary action" in coping with the damage caused by Hurricane Harvey, the Legislature authorized you to temporarily suspend those provisions. *Id.*

The Legislature also provided you express authority to call a special election on a nonuniform election date when an emergency so warrants. TEX. ELEC. CODE § 41.0011(a).[9] You acknowledge that many of the residents of Congressional District 27 "are still recovering from the ravages of Hurricane Harvey." Request Letter at 1. And you explain that because "so many of the hurricane relief efforts depend on action at the federal level, it is all the more important that the voters of District 27" have congressional representation as soon as possible. *Id.* If you determine the situation in Congressional District 27 constitutes an emergency that warrants holding a special election before November 6, 2018, a court would likely conclude that section 41.0011 authorizes calling an expedited special election to fill the vacancy in that district.

---

[7]*See* https://gov.texas.gov/news/post/governor-greg-abbott-again-declares-disaster-proclamation-extension-for-texas-counties-impacted-by-hurricane-Harvey.

[8]Congressional District 27 includes Aransas, Calhoun, Jackson, Lavaca, Matagorda, Nueces, Refugio, Victoria, and Wharton counties and some parts of Bastrop, Caldwell, Gonzales, and San Patricio counties. *See* http://www.tlc.state.tx.us/redist/pdf/congress/map.pdf.

[9]The Legislature enacted section 41.0011 in 1991. Act of May 27, 1991, 72d Leg., R.S., ch. 389, § 2, 1991 Tex. Gen. Laws 1472, 1473. Prior to that enactment, one intermediate court addressed the Governor's authority to use his emergency powers to postpone a special election. *See Salmon v. Lamb*, 616 S.W.2d 296, 298 (Tex. Civ. App.—Houston [1st Dist.] 1981, no writ). While affirming that authority, the court held that the Governor was limited to postponing only to the next available date prescribed in the Election Code. *Id.* (voiding an election held on a date other than the mandatory dates on which special elections of the type in issue must be held). Because the subsequently enacted section 41.0011 authorizes the Governor to call an emergency special election on a nonuniform election date, a court would likely distinguish that case from the situation here.

## S U M M A R Y

To the extent that the special election procedures established in the Election Code prevent, hinder, or delay necessary action in coping with the damage caused by Hurricane Harvey, section 418.016(a) of the Government Code authorizes the Governor to suspend those provisions.

If the Governor determines the situation in Congressional District 27 constitutes an emergency warranting a special election before November 6, 2018, a court would likely conclude that section 41.0011 of the Election Code authorizes calling an expedited special election to fill the vacancy in that district.

Very truly yours,

KEN PAXTON
Attorney General of Texas

JEFFREY C. MATEER
First Assistant Attorney General

BRANTLEY STARR
Deputy First Assistant Attorney General

VIRGINIA K. HOELSCHER
Chair, Opinion Committee